# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL HASHER, | : |
| | : Civ. No. 12-1678 (FSH) |
| Petitioner, | : |
| | : |
| v. | : **OPINION** |
| | : |
| STATE OF NEW JERSEY, | : |
| | : |
| Respondent. | : |

**HOCHBERG, U.S.D.J.:**

## I. INTRODUCTION

Petitioner is currently being detained as an involuntarily committed person at the Special Treatment Unit in Avenel, New Jersey. He is proceeding *pro se* with his federal habeas petition brought pursuant to 28 U.S.C. § 2254. For the following reasons, the habeas petition will be dismissed without prejudice as second or successive.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In April 1997, petitioner pled guilty to second-degree sexual assault and was sentenced to ten years imprisonment. Subsequently, in May, 2006, petitioner was committed to the Special Treatment Unit pursuant to the Sexually Violent Predator Act ("SVPA"), N.J. STAT. ANN. 30:4-27.24, *et seq.* Petitioner appealed this commitment to the New Jersey Superior Court, Appellate Division, which affirmed on February 27, 2008. The New Jersey Supreme Court denied certification on September 3, 2008.

Petitioner sought federal habeas relief pursuant to 28 U.S.C. § 2254 in November, 2008. Petitioner raised several claims in that petition, including that fundamental fairness required that he be permitted to withdraw his guilty plea because he was told at the time of his plea that he

1

would only be committed if he were found to be compulsive and repetitive. *See Hasher v. Goodwin*, No. 08-5787, 2010 WL 5392702, at *2 (D.N.J. Dec. 21, 2010) (setting forth claims of petitioner's prior federal habeas petition). On February 24, 2009, the Court notified petitioner of the consequences of filing a petition for writ of habeas corpus pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and he was given the opportunity to file one all-inclusive federal habeas petition. On December 21, 2010, the Court denied the federal habeas petition on the merits. *See Hasher*, 2010 WL 5392702, at *9-10. Petitioner appealed to the United States Court of Appeals for the Third Circuit which denied a certificate of appealability on September 7, 2011.

As petitioner's prior federal habeas action was proceeding in this Court, petitioner also pursued a counseled post-conviction relief petition in state court. Petitioner filed a post-conviction relief petition in the New Jersey Superior Court, Union County, in September, 2008. (*See* Dkt. No. 15-8.) The Superior Court denied the petition and petitioner appealed to the Appellate Division. On July 25, 2011, the Appellate Division affirmed the denial in a written opinion. (*See* Dkt. No. 15-12.) The New Jersey Supreme Court denied certification on January 13, 2012. *See State v. Hasher*, 35 A.3d 680 (N.J. 2012).

In March, 2012, petitioner filed a federal habeas petition in this action. Subsequently, he filed an amended habeas petition in July, 2012. The instant amended habeas petition raises three claims:

1. The trial judge misapplied the standard for the evaluation of ineffective assistance of counsel claims in denying defendant's motion for post-conviction relief, even after hearing confession [sic] by both the state and the state witness, confessing that the exculpatory evidence to indict the defendant wasn't held true, and that they deceive the defendant into taking a plea bargain he stated he didn't do, to receive the State's plea.

2. Fundamental fairness dictates that defendant should be able to retract his guilty plea.

3. The prosecution's constitutional duties to indict the accused with untrue exculpatory evidence was not held accountable, nor was defendant's past counsel whom conspired to hide this criminal behavior from the court and the defendant, for the purpose of the plea.

(Dkt. No. 5 at p. 2.) Respondent filed an answer opposing the petition in December 2012. Petitioner filed a reply in January 2013.

### III. DISCUSSION

Section 2244(b) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (Apr. 24, 1996), provides as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive application under section 2254 that was not presented in a prior application shall be dismissed unless –
> (A) The applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b). The United States Supreme Court has stated that the statutory phrase "second or successive habeas corpus petition under section 2254" is a term of art that is not self-

3

defining. *See Magwood v. Patterson*, - U.S. -, 130 S. Ct. 2788, 2797 (2010); *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007). A habeas petition is not second or successive simply because it follows a prior petition. *See Panetti*, 551 U.S. at 944 ("The Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application."); *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) ("[A] prisoner's application is not second or successive because it follows an earlier federal petition."). For example, if a federal habeas petition is dismissed without prejudice for failure to exhaust state court remedies, a later post-exhaustion petitioner is not considered to be a "second or successive" petition for purposes of § 2244(b). *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000). Furthermore, the Third Circuit has stated that "a subsequent petition that challenges the administration of a sentence is clearly *not* a 'second or successive' petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition." *Benchoff*, 404 F.3d at 817. Thus, the primary question in this case is whether petitioner could have raised the claims in the instant amended federal habeas petition in his prior federal habeas petition that he filed in 2008. *See id.* (stating that the primary question is whether petitioner could have raised claim in first habeas petition).

Petitioner's first federal habeas petition was adjudicated and denied on the merits. *See Hasher*, 2010 WL 5392702, at 9-10. Furthermore, petitioner's claims in the instant amended habeas petition could have been raised at the time of that prior petition. Indeed, petitioner's argument that fundamental fairness should permit him to withdraw his guilty plea was raised in his prior federal habeas petition. Furthermore, in his September 2008 counseled state petition for

post-conviction relief, petitioner argued as followed:

> Petitioner seeks relief from judgment entered on September 22, 1997 on the grounds that he was denied the effective assistance of counsel in that counsel gave misinformation and incorrect legal advice regarding Petitioner's expected time to be spent incarcerated; and that counsel gave misinformation regarding the contents of the state's discovery on both indictments, which was not shown to Petitioner for his personal review, including discovery demonstrating that there was no medical evidence of anal penetration on the case to which he so plead.

(Dkt. No. 15-8 at p. 2.)

This state filing indicates that at least two months before petitioner filed his first § 2254 petition in this Court in November of 2008, petitioner was aware of the purported underlying facts giving rise to his ineffective assistance of counsel claim and prosecutorial misconduct claim in the instant petition. For these reasons, the instant amended federal habeas petition is considered a second or successive § 2254 petition.

Where a second or successive habeas petition is filed in the district court without an order from the appropriate court of appeal, the district court may dismiss the petition for a lack of jurisdiction or "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; *see also Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.") It is not in the interest of justice to transfer this action to the Third Circuit. The instant habeas petition includes at least one claim that was raised in his prior federal habeas petition that was denied on the merits. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was

presented in a prior application shall be dismissed). Petitioner also does not contend that his new claims rely on a new rule of constitutional law or that the factual predicate of these claims could not have been discovered at the time he filed his first federal habeas petition. *See id.* § 2244(b)(2). Therefore, a transfer to the Third Circuit is not warranted under these circumstances.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed without prejudice as second or successive. A certificate of appealability shall not issue. An appropriate order will be entered.

s/ Faith S. Hochberg_____
FAITH S. HOCHBERG
United States District Judge

DATED: 7/24/13