NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
MICHAEL HASHER,                          :
                                         :
         Petitioner,                     :        Civ. No. 12-1678 (FSH)
                                         :
    v.                                   :        **OPINION**
                                         :
STATE OF NEW JERSEY,                     :        September 16, 2013
                                         :
         Respondent.                     :
_____      :

**HOCHBERG, U.S.D.J.:**

## I.   INTRODUCTION

This matter comes before the Court upon *pro se* petitioner, Michael Hasher's motion for reconsideration of this Court's July 24, 2013 Opinion and Order that dismissed without prejudice the amended petition for writ of habeas corpus as second or successive. (*See* Dkt. Nos. 18 & 19.) Petitioner filed his motion for reconsideration on August 1, 2013.[1]

In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the case. For the reasons stated below, the motion for reconsideration will be denied and the Clerk will be ordered to re-close the case.

---

[1] On August 2, 2013, petitioner also filed a motion for an extension of time to review petitioner's motion for reconsideration. (*See* Dkt. No. 21.) Under Federal Rule of Civil Procedure 59(e), petitioner had twenty-eight days to file his motion for reconsideration. Petitioner filed his motion for reconsideration within the applicable twenty-eight day window. Indeed, petitioner even filed his motion for reconsideration within the narrower fourteen-day window provided for in the Local Rules. *See* Local Civ. R. 7.1(i). Furthermore, the Court notes that the filing of his timely motion for reconsideration tolls the time for filing an appeal while it is pending. *See Vora v. Commonwealth of Pa.*, No. 13-1775, 2013 WL 4038599, at *1 (3d Cir. June 14, 2013) (per curiam) (citations omitted). Accordingly, petitioner's motion for an extension of time will be denied as unnecessary.

1

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The Court provided a detailed recital of the facts in its July 24, 2013 Opinion. Thus, the Court will only provide a brief summary of the facts that relate to disposing of the instant motion.

Petitioner pled guilty to second-degree sexual assault in April, 1997, and was sentenced to ten years imprisonment. Subsequently, in May, 2006, petitioner was committed to the Special Treatment Unit in Avenel, New Jersey pursuant to the Sexually Violent Predator Act ("SVPA"), N.J. STAT. ANN. 30:4-27.24, *et seq.* Petitioner's commitment under the SVPA was affirmed on appeal.

In November, 2008, petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2254. Petitioner raised several claims in that petition, including claims that attacked his SVPA commitment. Ultimately, this Court denied that petition on the merits. *See Hasher v. Goodwin*, No. 08-5787, 2010 WL 5392702 (D.N.J. Dec. 21, 2010).

Petitioner then filed another federal habeas petition giving rise to this action in March, 2012. The claims he asserted were as follows:

1. The trial judge misapplied the standard for the evaluation of ineffective assistance of counsel claims in denying defendant's motion for post-conviction relief, even after hearing confession [sic] by both the state and the state witness, confessing that the exculpatory evidence to indict the defendant wasn't held true, and that they deceive [sic] the defendant into taking a plea bargain he stated he didn't do, to receive the State's plea.
2. Fundamental fairness dictates that defendant should be able to retract his guilty plea.
3. The prosecution's constitutional duties to indict the accused with untrue exculpatory evidence was not held accountable, nor was defendant's past counsel whom conspired to hide this criminal behavior from the court and the defendant, for the purpose of the plea.

(Dkt. No. 5 at p. 2.)  The Court determined that this habeas petition was second or successive.  The Court noted that petitioner's prior federal habeas petition was decided on the merits.  Furthermore, petitioner's claims in his new federal habeas petition could have been raised at the time of his prior federal habeas petition.  Thus, the petition was dismissed without prejudice as petitioner had not received an order from the United States Court of Appeals authorizing a second or successive petition.

### III.   ANALYSIS

Local Civil Rule 7.1(i) allows a party to seek reconsideration by the Court of matters which the party believes the judge has "overlooked."  *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted).  "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)).  To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Petitioner states in his motion for reconsideration that he could not have raised the claims he raises in this federal habeas petition, in his prior federal habeas petition that he filed in November, 2008.  (*See* Dkt. No. 20 at p. 3 ("The primary question, thus, a subsequent petition that challenges the administration of a sentence is clearly not a 'second or successive' petition within the meaning of § 2244 if the claim had not or could not have been raised at the time of the prior petition.").)  However, as the Court noted in its prior Opinion,

> petitioner's argument that fundamental fairness should permit him to withdraw his guilty plea was raised in his prior federal habeas petition. Furthermore, in his September 2008 counseled state petition for post-conviction relief, petitioner argued as followed:
>
>> Petitioner seeks relief from judgment entered on September 22, 1997 on the grounds that he was denied the effective assistance of counsel in that counsel gave misinformation and incorrect legal advice regarding Petitioner's expected time to be spent incarcerated; and that counsel gave misinformation regarding the contents of the state's discovery on both indictments, which was not shown to Petitioner for his personal review, including discovery demonstrating that there was no medical evidence of anal penetration on the case to which he so plead.
>
> (Dkt. No. 15-8 at p. 2.)
>
> This state filing indicates that at least two months before petitioner filed his first § 2254 petition in this Court in November of 2008, petitioner was aware of the purported underlying facts giving rise to his ineffective assistance of counsel claim and prosecutorial misconduct claim[.]

(Dkt. No. 18 at p. 4-5.)

The Court's prior opinion, as stated above, indicated that petitioner was aware at the time he filed his prior federal habeas petition of the claims that he raises in this second or successive federal habeas petition. Indeed, petitioner even raised his claim that fundamental fairness should permit him to withdraw his guilty plea in light of his civil commitment in both petitions. To the extent that pursuing purportedly unexhausted claims in his prior petition would have created a "mixed" petition, petitioner would have had the option to seek a stay. *See McLaughlin v. Shannon*, 454 F. App'x 83, 86 (3d Cir. 2011) (per curiam) ("When faced with a mixed petition, District Courts have four options available; dismiss the petition without prejudice; stay the petition pending the outcome of state proceedings under *Rhines* [*v. Weber*, 544 U.S. 269 (2005)],

allow the petitioner to delete all unexhausted claims and proceed on the remainder, or – if the unexhausted claims are meritless – deny them under 28 U.S.C. § 2254(b)(2)."). Nevertheless, after being warned that he had to include all of his arguments in one all-inclusive federal habeas petition, petitioner moved forward with his prior habeas petition.

Petitioner fails to allege in his motion for reconsideration that the Court "overlooked" legal or factual issues that warrant altering the disposition of this case. Instead, it appears as if petitioner disagrees with this Court's assessment that he could have brought the claims raised in this federal habeas petition in his prior habeas petition. Petitioner failed to take advantage of the potential mechanism of a stay to exhaust potentially unexhausted claims that he was aware of at that time.

Petitioner's argument that he could not have raised these claims in his prior petition is without merit. To the extent that any additional claims may have been unexhausted, the stay mechanism would have allowed Petitioner to pursue these claims in that prior petition. Accordingly, the motion for reconsideration does not state a change in controlling law, factual issues that were overlooked, newly discovered evidence or a clear error of law or fact that necessitates a different result in this case.

## IV. CONCLUSION

For the reasons expressed above, the motion for reconsideration will be denied. An appropriate order will be entered.


DATED:  September 16, 2013

                                                        s/ Faith S. Hochberg
                                                        FAITH S. HOCHBERG
                                                        United States District Judge